The opinion of the Court was delivered by
Tilghman C. J.
1. By the' Act of Limitations, 26th March, 1785, no person can support an action to recover the possession of land, unless he, or the persons under whom he claims, have had possession within twenty-one years next before the commencement of the suit. . But in .order to protect those persons who derived titles from the State of Pennsylvania, against the unlawful possession of those who in contempt of the Government, pretended to derive title from the State of Connecticut, it was enacted, by the Act of 11th March, 1800, that the Act of 26th March, 1785, “ should be repealed, and have no effect within what was called the seventeen townships, in the county of Luzerne, nor in any case where title' is or has at any time been claimed- under what is called the Susquehanna Company, or in any way under the State of Connecticut, for any lands or possessions within this Commonwealth-.” The land for which this ejectment was brought, does not lie within the seventeen townships, so that the case could only be affected by the defendants claiming under the Susquehanna Company, or the State of Connecticut. But there is another Act of Assembly, passed the 25th March, 1813, to be taken into consideration, in order to form a judgment on this case, and from that Act it will appear, that whether the defendants derived title under Connecticut or not, was of no importance, as regarded the Act of Limitation»,. By this last mentioned Act, if is provided, that in two years from the passing thereof, the Act .of 11th March, 1800, should be repealed, and the Act of 26th March, 1785, (the general Limitation Act,) should, after the expiration of the *176 said two years, be taken and construed to extend as fully an¿ effectually to that part of the Commonwealth, against every person and persons whatsoever, except those -who shall have brought their action for the recovery of their possessions, within the said period of two years, as in any other parts of, the same. The policy and intent of this Act, are extremely clear. Before the passing of it, the Connecticut claimants had pretty generally submitted to the title under Pennsylvania, the Legislature having made very great and expensive efforts to effect a compromise between those who claimed under the two States. It was therefore thought prudent, to restore full effect to the Act of Limitations, in that part of the State to which the pretended title under Connecticut extended, taking care at the same time, to do justice to the Pennsylvania claimants, by allowing them ample time to bring their actions, before the Act could attach against them j and for that purpose the period of two years was judged sufficient. Now the plaintiff’s action was not commenced within two years, and therefore to him it was perfectly immaterial whether the defendants had claimed under Connecticut or not. It is unnecessary then to enquire whether the Judge was right or wrong, in saying, that the law implied no presumption of a claim under Connecticut, the point being' irrelevant. Even if the fact of such a claim had been conceded, the plaintiff would have been bound, not having brought his action within two years. I do not mean however to insinuate any doubt of the correctness of the charge an this point. I incline to think it was right.
2. I cannot perceive the force of the second objection. If grants the possession to be adverse, and yet calls for something more—for some colour of title. To be sure if a man enters, without pretence of title of any kind, into land which he knows to be appropriated, there is considerable reason to suppose, that he does not mean to deny the title of the owner, but merely to occupy the land, with an intent to become a purchaser; especially if the owner lives at a distance. But this presumption may be rebutted by proof that he set the owner at defiance. Whether Abbott knew of the survey on Lefevre's application, when he first settled, does not appear. ;If he did not, he no doubt intended to hold for himself against the world. I think, however, that the Judge put *177 that matter fairly to the jury, upon the fact, of adverse possession or not. ~
3. As fio privity between'trespassers. If one'enters and commits a trespass, and then goes off, and another comes after him, and commits a trespass, I grant that there is no privity between these persons, nor can the possession be said to be transferred and Continued from one to the other. But I cannot see that the present case falls within that principle. ■ Here has been a possession of four or five and twenty years, transferred in the two first instances, .for a valuable conside- . ration, and finally transferred from father to soh. Each' new posseásor. has been .substantially connected with his predecessor. -The law pays great regard-to á possession transmitted from father to son ; so great indeed, that where there was a. disseisin and a descent to the heir of the disseisor, the entry of the disseisee was, at common law, taken away. Lord Mansfield has told us, that of seisin and disseisin very little was known in his time, but the name. In Pennsylvania we certainly have not been in the habit of going deeply into that antiquated subject ; nor is it material' to inquire whether Abbot or those'who came after him acquired a seisin according’ to the strict import of the term. Our law permits all persons whether in or out of seisin or possession, .to transfer their claim, such as it is, good or bad, by .deed or will. And I have no manner of doubt, that one who enters as a trespasser, clears land, builds a house and lives in it, acquires something which he may transfer to-another^; and if the possession of the two added together, amounts to twénty-one years, and was adverse to him who had the legal titl_e, the Act of Limitations will be a bar to his recovery. It would be extraordinary indeed, if a possession acquired without force could not be transferred, when we hold that prior possession alone, is good title to- recover in ejectment,against all büt him who shews better title. But when possession has been tinued for a number of years, and has'passed from hand to? hand for valuable consideration, or by descent from parent to child1, it has something respectable in it. The argument df the plaintiff leads plainly to this consequence, that the Act of-Limitations can never take effect in favour of a defective title, unless one man lives twenty-one years ; because every one who enters under a defective title is a trespasser, and *178 being a trespasser, he cannot, according to the doctrine contended for, transfer his possession to another, or even transmit it by descent to his heir, .so as to make a connected cont'nued possession. If that be the case, there is little use in the Act of Limitation's. But I am decidedly of opinion that the law is not so, and that it was well.laid down in the charge of the Court of Conamon Pleas. The judgment should'therefore be affirmed.
Judgment affirmed.