## Parker *against* Southwick.

The possession of land, qualified for a time by the official character of the possessor, for a period of twenty-one years, is a bar to a recovery by one who has otherwise the legal title.

ERROR to the common pleas of *Erie* county.

This was an action of ejectment, by Sarah Ann Parker and others, heirs-at-law of Zachius Collins, deceased, against George Southwick, for lot No. 3333, in the town of Erie.

The legal title to the lot in controversy, had been in Zachius Collins, who had paid the commonwealth for it, in 1797. After the plaintiffs had given evidence of this, the defendant proved, that John Kelso, under whom he claimed, had taken possession of the lot and fenced it, in 1812, and held the possession of it until his death, in 1817. That his heirs-at-law, and those claiming under them, including the defendant, himself, had been in possession ever since; and upon this evidence, he relied upon the statute of limitations to protect his title.

The plaintiff then proved that John Kelso had been appointed by the the state, a commissioner for the sale of lots in the town of Erie, in 1810, and that, in 1815, he sold this lot in that capacity; and the next day after the sale, took a conveyance to himself from the purchaser.

The only material question in the cause was, whether, under these circumstances, the defendant claiming under John Kelso's title could avail himself of the act of limitation.

The court below (Shippen, president) was of opinion, and so instructed the jury, that the defendant was protected by the act of limitations. Verdict for defendant.

The opinion of the court was assigned for error.

*Pearson*, for plaintiff in error.
*Babbit* and *Galbreath*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—The exceptions to evidence were superseded by the final decision; and the exceptions to the charge converge to a point. It is conceded by the argument, that the title of the plain-

VI.—2 x

tiffs' ancestor, was unimpeachable; and as the defendant is driven to the statute of limitations, the question has regard to the quality of the possession, during a part of the time necessary *to* complete its bar. John Kelso, by whose possession he claims, was appointed commissioner of sales, in 1810. He entered and enclosed the lots in 1812; sold them in his capacity of commissioner, on the 8th of July 1815; received a re-conveyance of them the next day, and a patent the same year; so that one and twenty years did not entirely elapse betwixt the period when he held them incontestably for himself, and the commencement of the action on the 15th of April 1836; and it is contended, that, during the preceding years, he held them as a public agent. But granting, what cannot be maintained, that the prior sale was voidable, his commission gave him no authority to enter for the state; and a disseisor is presumed to have entered for himself till the contrary appears. Had he actually entered for the state, there would have been nothing in that to prevent his possession from being adverse in law as it was in fact. Though the state may not lose by the laches of its agents, it may gain by the laches of another; for the state itself is exempt from the statute, only because it is compelled to act by servants, never quickened by self-interest; and it may in course transfer, as well as acquire, an initiate title, by the statute of limitations. Consequently, whether the possession taken by the defendant's predecessor, were that of the state or his own, the benefit of it was in him by the patent. It is not essential to the character of adverse possession, that it be by claim of right in the occupant. No more is necessary than that it be not broken during the period; and for the purpose of tacking, conveyances betwixt successive occupants operate to hinder it from falling back, in contemplation of law, through those real or imaginary intervals, that would otherwise occur betwixt the relinquishment of the one, and the entry of another. The error of Mr Justice Washington, in Potts *v.* Gilbert, 3 *Wash.* 475, since overruled, by Overfield *v.* Christy, 7 *Serg. & Rawle* 177, was in supposing that successive periods of wrongful possession, might not be so blended by consecutive conveyances, as to present neither break nor interval. Actual possession in Pennsylvania, like a claim to the renewal of certain leases in England, though founded on no pretence of right, is a legitimate subject of transfer. But when there has been no succession, or, in other words, but a single occupant for the period, a concomitant pretence of right would be inoperative, because the effect of the statute is to transfer the title lost, and not to confirm a title gained. For that reason, it is, that an avowed intruder, entering with design to procure a younger title outstanding, and use it to protect his possession in the mean time, or without such design, would be an adverse occupant from the beginning, and in due time the owner, though the outstanding title were saved by infancy or coverture. Is not that, in principle, our case? It is the case of every improver who enters

[Parker v. Southwick.]

after warrant granted. Here the title was out of the state, and there was actual possession in defiance of it, which was consequently within the purview of the statute without regard to the intruder's motive.

Judgment affirmed.