# JOHN C. JACOBS

*v.*

# WILLIAM RICE.

1. ESTATE BY THE CURTESY INITIATE — *incidents thereto, and herein of the effect of the statute of limitations upon it.* One who becomes invested with a life-estate in lands by the curtesy initiate, has a right of possession during his life; and, if out of possession, may institute suit and recover possession in the same manner that

24 — 33D ILL.

*other* tenants for life recover possession of *their* estates. Such an estate may be sold and conveyed in the same manner as other life-estates. The statute of limitations has the same application to it that it has to other estates of that nature.

2. LIMITATIONS — *operation of act of* 1839 *in transferring title when the remedy is barred.* Where a party has entered into possession of land under color of title acquired in good faith, and continued to reside thereon for seven successive years, paying all taxes assessed thereon during that time, the remedy of the party to whom such possession was adverse, not only becomes barred, but his title is transferred to the party asserting the bar, when the remedy ceases.

3. So where the party whose remedy thus becomes barred, held a life-estate by the curtesy initiate, the party in possession in whose favor the bar exists, becomes invested with such life-estate in the same manner and with the same rights he would have had under a conveyance of the same.

4. OF THE REMAINDER — *rights of the grantee thereof.* The husband and wife conveyed the premises in which the former had held a life-estate by the curtesy initiate, and the latter still owned the remainder in fee, to a third party, after the title of the husband had become vested, by the operation of the statute of limitations, in the party in adverse possession; the grantee of the husband and wife thereby became the owner of the remainder, and upon the termination of the life-estate would be entitled to the possession, and might recover it from those who wrongfully withheld it.

APPEAL from the Circuit Court of Morgan county; the Hon. DAVID M. WOODSON, Judge, presiding.

In the year 1863, John C. Jacobs instituted an action of ejectment in the court below, against William Rice, for the recovery of certain premises situate in Morgan county.

The title to the land was originally in one Cornelius Pointer, who died in 1833, leaving Matilda Jane, his daughter, one of his heirs-at-law, who intermarried with John G. Dustin. On the 29th day of December, 1862, Dustin and wife conveyed to the plaintiff.

Rice, the defendant below, entered into possession of the land in the year 1852, under color of title acquired in good faith, and from that time until the commencement of this suit in 1863, resided on the premises, and paid all taxes assessed thereon.

The cause was, by agreement of the parties, tried by the court, without the intervention of a jury. The issue was found for the defendant, and judgment accordingly. The plaintiff thereupon took this appeal.

The questions arising in the case, relate to the character of estate held by Jacobs as the grantee of Dustin and wife, and of the incidents attaching to such estate, and more particularly the application to it of the statute of limitations relied upon by the defendant.

Messrs. D. A. & T. W. SMITH, for the appellant.

Mr. H. B. McCLURE, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

Cornelius Pointer died in 1833, leaving Matilda Jane one of his heirs. She married John G. Dustin in 1844, and children of the marriage were born alive. Dustin and wife conveyed the premises in controversy to the appellant, on the 29th day of December, 1862. The appellee entered into possession in 1852, under color of title acquired in good faith; and from that time until the commencement of this suit in 1863, has resided on the premises and paid all taxes assessed thereon. Dustin became invested with a life-estate in the premises by the curtesy initiate. He had the right of possession during his life; and he might have commenced suit, and recovered possession in the same manner that *other* tenants for life recover possession of *their* estates. The estate of Dustin was one that might have been sold and conveyed in the same manner that other life-estates are.

The statute of limitations has the same application to it that it has to other estates of that nature. *Shortall* v. *Hinckley*, 31 Ill. 219.

By its operation the life-estate of Dustin was vested in the appellee, and he now holds it in the same manner and with the same rights that he would have had if Dustin had conveyed the same to him. The remedy for its recovery, by Dustin and his grantee, was not only barred, but the title was transferred when the remedy ceased. 3 Black. Com. 196; *School District No.* 4 v. *Benson*, 31 Maine, 384; *Armstrong* v. *Risteau*, 5 Md. 256; *Blair* v. *Smith*, 16 Miss. 273; 2 Wash. 492; *Steele* v.

*Johnson,* 4 Allen, 425 ; *The Incorporated Irish Society* v. *Richards,* 4 Irish Eq. 177 ; *Scott* v. *Nixon,* 3 Den. & War. 388 ; *Parker* v. *Southwick,* 6 Watts, 378.

The appellant is the owner of the remainder, and when the life-estate ceases he will be entitled to possession, and may recover it from those who wrongfully withhold it. *Gregg* v. *Tesson,* 1 Black 156 ; *Shortall* v. *Hinckley,* 31 Ill. 219.

The judgment of the court below is affirmed.

*Judgment affirmed.*